Nash, C. J.
 

 This is a contest as to the administration on the estate of Alexander Clark, deceased. He resided, and died, in Harnett County, withoutissue, or a widow, and left a sister, the wife of Malcom Clark, living in that County, and nephews and nieces, residing in Scotland, the children of a deceased sister. In the County of Harnett, application was made by the present defendant for the administration, as the appointee of Malcom Clark and wife.» John McDougald also applied in his own right, as a- 'relative of the deceased. The Court granted the administration to McDougald, and the present defendant appealed to the Superior Court. At the Term to which the appeal was returned, McDougald withdrew from the contest; McCormick again applied, as the appointee of Clark and wife, and the plaintiff intervened, as the appointee of the next of kin in Scotland. The Court appointed the plaintiff administrator, and the defendant appealed.
 

 Since the statute of distributions, it is of little importance to. whom the administration of a deceased person’s estate is granted, provided he is one of the classes designated in that Act, and is a fit person, and gives the necessary security as required by law; the object of the law being to have the estate taken care of. The Act of the Legislature upon the subject of granting letters of administration, must be familiar to every lawyer, and need not here be repeated
 
 in his vei'bis.
 
 It is sufficient to say, that it gives the administration to the widow or next of kin, or to the highest creditor when no one of the two previous classes apply. The contest here is between the next of kin who stand in equal degree to the deceased, but not in equal propinquity ; and when that is the case, it is a matter of discretion in the Court whom to appoint. The next of kin
 
 have, individually, no absolute vested
 
 right;
 
 Stoker
 
 v.
 
 Kendall,
 
 Busb. Rep. 242. Each of the contesting parties had a qualified right to the administration, as this right follows the right of property.- I say the parties, because the appli
 
 *276
 
 cants are the appointees of the respective parties, and derive their light to intervene, entirely through their appointments. 1 Hagg. 342 ; Iredell’s Exr. 322. Tire County Court, in appointing McDougald administrator, was exercising a discretionary power, from .which no appeal would have laid, but for the express provision in the Act; Rev. Code, ch. 4, sec. 2. The appeal was properly granted. In the Superior Court, McDougald withdrew, and the
 
 neices and nephews
 
 in Scotland intervened through their appointee, the present plaintiff.
 

 The parties were changed in the Superior Court. Does that work any difference in the progress of the cause, as to the power of the Superior Court to proceed ? None whatever. In a contest like this, there are properly no plaintiffs; no defendants. All are actors; all occupy before the Court the attitude of applicants. The Act of 1777 provides that, after the appeal is taken, the Superior Court shall have cognizance thereof, and shall grant letters of administration to the persons entitled to the same. Upon the appeal, the Superior Court acquired jurisdiction of the subject generally. The whole case was before it exactly as it, was in the County Court. Nor is the Court confined, in their selection of an administrator, to the persons who were parties on the record below, but is at liberty to select any other person coming within the Act of Assembly.
 
 Blunt
 
 v. Moore, 1 Dev. and Bat. Rep. 10.
 

 We have not taken into consideration the question raised, as to Mrs. Clark’s j>ower to appoint, her husband being alive, but- incompetent to act. It is not necessary to do so, as the ' Superior Court did not grant letters to McCormick, her appointee.
 

 We see no error in the judgment of the Court below.
 

 Pee CuexaM. Judgment affirmed.